

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MICHAEL VANUNU**
PARTNER
(516) 357-3337
michael.vanunu@rivkin.com

July 29, 2022

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Government Employees Insurance Co. v. Errol C. Mallett, M.D., et al.
      Docket No.: 1:22-cv-03661-KAM-VMS

Dear Judge Matsumoto:

Plaintiffs ("GEICO" or "Plaintiffs"), respectfully submit this letter in accordance with Rule 3.B. of Your Honor's individual rules. GEICO is prepared to promptly file a motion, if the Court deems it necessary, seeking an order enjoining Defendants Errol C. Mallett, M.D. ("Mallett"), Errol C. Mallett Medical, P.C. ("Mallett Medical") and 334 Grand Concourse Medical, P.C. ("334 Grand Concourse Medical") (collectively, the "Defendants") from pursuing collection on their fraudulent claims in other forums that are identical to the issues presented in this action.  The Defendants are in default, yet they continue to pursue collection of: (i) 58 collection arbitrations collectively filed by Mallett Medical and 334 Grand Concourse Medical against GEICO and pending before AAA (the "Collection Arbitrations"); and (ii) 27 collection lawsuits collectively filed by Mallett Medical and 334 Grand Concourse Medical against GEICO pending in New York City Civil Courts (the "Collection Lawsuits") seeking collectively over $186,000.00.  There are also collectively 294 bills representing over $600,000.00 that have previously been denied by GEICO that the Defendants will likely pursue collection through arbitration or state court civil lawsuits (the "Pending Charges").

Plaintiffs also seek an Order from the Court granting expedited discovery via the service of third-party subpoenas to determine the identity of John Doe Defendants "1" – "10" (hereinafter, the "John Doe Defendants").  Plaintiffs' Complaint alleges that Mallet admitted to GEICO that he was not aware of the billing for the fraudulent claims, and as set forth below, details the acts perpetrated by the John Doe Defendants in support of the fraudulent scheme who have concealed their identities.

### I.     GEICO's Proposed Motion to Stay and Enjoin

Plaintiffs commenced this action to terminate an insurance fraud scheme, through which Mallett, with the assistance of the John Doe Defendants, used Mallett Medical and 334 Grand Concourse Medical as part of a multifaceted fraudulent scheme to submit hundreds of fraudulent No-Fault insurance claims to GEICO collectively seeking over $1.75 million for extracorporeal shockwave therapy ("ESWT"), electromyography ("EMG") testing, electromyography testing ("EMG") and nerve conduction velocity



---

("NCV") studies (collectively, the "Fraudulent Services") purportedly rendered to New York automobile accident victims covered by policies of insurance issued by GEICO ("Insureds"). See D.E. 1, passim.

The Complaint seeks monetary damages from the Defendants under civil RICO, common-law fraud, and unjust enrichment cause of actions for payments GEICO made based upon the fraudulent charges. In addition, the Complaint seeks a judicial declaration that GEICO is not liable to pay any of the outstanding and unpaid charges submitted through the Defendants, including the Collection Arbitrations, Collection Lawsuits, and Pending Charges.

GEICO's Complaint sets forth in granular detail the Defendants' fraudulent scheme and their submission to GEICO of more than $1.75 million in claims seeking "No-Fault" insurance benefits for Fraudulent Services purportedly provided to Insureds. See D.E. 1, passim. The Complaint alleges that the Defendants submitted charges to GEICO for Fraudulent Services that:

- were allegedly provided by and billed through the Mallett Medical and 334 Grand Concourse Medical, which are both medical "practices" not under the control and direction of Mallett, but rather, operated, managed, and controlled by the John Doe Defendants for purposes of effectuating a large-scale insurance fraud scheme on GEICO and other New York automobile insurers (D.E. 1, ¶¶ 5-17, 44-53);

- were provided, to the extent provided at all, pursuant to the dictates of unlicensed laypersons, not based upon legitimate decisions by licensed healthcare providers, and as a result of illegal financial arrangements between the Defendants and the Clinics (D.E. 1, ¶¶ 54-73);

- were provided pursuant to pre-determined fraudulent treatment and billing protocols designed solely to financially enrich the Defendants, rather than to treat or otherwise benefit the Insureds (D.E. 1, ¶¶ 74-79);

- uniformly misrepresented and exaggerated the level, nature, necessity, and results of the Fraudulent Services that purportedly were provided to Insureds (D.E. 1, ¶¶ 80-141); and

- misrepresented that the Fraudulent Services were provided by Mallett or another licensed physician employed by the Mallett Defendants, when the Fraudulent Services were provided by unlicensed individuals not directly supervised by Mallett and/or by persons who were not employed by Mallett or any of the Defendants (D.E. 1, ¶¶ 142-157).

Each of these misrepresentations are described with significant particularity (see D.E. 1, passim.) and are an independent basis for GEICO's causes of action.

Notably, Defendants' wrongful conduct is not isolated nor occasional; the Defendants submitted thousands of fraudulent charges totaling more than $1.75 million from June through December 2021. Out of that amount, GEICO paid Defendants more than $1 million, there are presently over $186,000.00 in dispute as part of Collection Arbitrations and Collection Lawsuits (collectively, the "Collection



Proceedings"), and over $600,000.00 in Pending Charges that the Defendants will likely pursue collection through arbitration or state court civil lawsuits.

Under analogous circumstances this Court has consistently found irreparable harm sufficient to grant the type of relief sought here because the collection proceedings waste time and resources and invite inconsistent judicial outcomes that undermine a federal court's declaratory judgment in a pending action regarding the same claims.[1]  This Court has also historically found that GEICO's allegations meet the threshold for showing a serious question going to the merits, where, as here, the complaint provides a detailed narrative and claim-specific examples in support alleged fraudulent conduct.  Additionally, as this Court has found, a balance of the hardships demonstrates the Defendants will not be prejudiced by having their Collection Proceedings decided in a single declaratory judgment action.  See, Gov't Emps. Ins. Co. v. Tolmasov, 2022 U.S. Dist. LEXIS 79147 (E.D.N.Y. May 2, 2022); Gov't Emps. Ins. Co. v. Wellmart RX, Inc., 435 F. Supp. 3d 443, 445 (E.D.N.Y. 2020); Govt. Emps. Ins. Co. v. Advanced Comprehensive Lab., LLC, 2020 U.S. Dist. LEXIS 224868 (E.D.N.Y. Dec. 1, 2020).

The Defendants are in default yet continue to seek collection on their claims via the Collection Proceedings. As a result, GEICO is compelled to file a motion, if the Court deems it necessary, seeking an Order staying all No-Fault insurance Collection Proceedings and enjoining the Defendants from filing new collection arbitrations or collection lawsuits until the resolution of the declaration judgment in the instant action.

GEICO respectfully submits that the relief it seeks should be granted on the basis of the filed Complaint, this letter and the Court's prior decisions, especially considering that the Defendants have defaulted. Should the Court deem a formal motion necessary, GEICO would propose an expedited schedule and would be prepared to file the motion and serve it on the Defaulting Defendants within ten (10) days from the date of the Court's order.  In that event, GEICO would respectfully request an interim stay of the Collection Proceedings pending a decision from the Court on its motion for a preliminary injunction.

### II.     GEICO's Request to Serve Expedited Discovery to Determine the Identify of the John Doe Defendants

GEICO also seeks and Order from the Court to permitting it to issue subpoenas to determine the identity of the John Doe Defendants.  The Complaint sets forth in detail the acts perpetrated by the John Doe defendants in support of the fraudulent scheme, and the effort undertaken to mask their identity.  Briefly, however, the John Doe Defendants: (i) used Mallett's medical license, tax identification numbers of Mallett Medical and 334 Grand Concourse Medical (the "Mallett Practices"), and electronic copies of Mallett's signature to generate mass quantities false and fraudulent documents, including NF-3 forms (i.e.

---

[1] Additionally, there is evidence supporting significant risk for dissipation of assets even at this early stage of the litigation.  More specifically, (i) the 2 professional entities (Mallett Medical and 334 Grand Concourse) were each only operational for short periods of time (in total less than 6 months), (ii) each appear to have been abandoned except for collection on the fraudulent claims, and (iii) all of the claim payments made by GEICO to the 2 professional entities were deposited into attorney IOLA accounts with no indication of where the funds were subsequently distributed.



Honorable Kiyo A. Matsumoto
July 29, 2022
Page 4 of 5

bills), assignment of benefit forms, and medical records, (ii) used the Mallett Practices as a fictional healthcare "practices" to serve as billing vehicles through which millions dollars of billing for the Fraudulent Services could be submitted to GEICO and other New York automobile insurer; (iii) partner with New York collection attorneys who were willing to purport to represent Mallett and the Mallett Practices, purport to submit billing to GEICO on the Defendants' behalf, and who would then accept the insurance payments received from GEICO and automobile insurers through their attorney IOLA/Trust accounts, then distribute the payments to third-parties, including the John Doe Defendants. See D.E. 1, ¶¶ 4-17, 44-53, 66-73, and passim.

Though parties generally may not initiate discovery prior to satisfying the meet and confer requirement of Fed. R. Civ. P. 26(f), earlier discovery may be permitted by court order. Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 26(d)). GEICO's request in this particular situation is both reasonable and supported by "good cause", especially considering that GEICO cannot enter into a Rule 26(f) conference with the Defendants because they have not appeared. See In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 86-87 (E.D.N.Y. 2012) (citing Ayyash v. Bank Al—Madina, 233 F.R.D. 325, 326 (S.D.N.Y. 2005)); see also Malibu Media, LLC v. Doe, 2015 U.S. Dist. LEXIS 51579, at *5 (S.D.N.Y. Apr. 10, 2015) (applying "the flexible standard of reasonableness and good cause," adopted in Ayyash). Indeed, Courts have permitted expedited discovery in advance of a Rule 26 conference to determine the identity of a John Doe defendant. See Cengage Learning, Inc. v. Ielisevych, No. 18-cv-7382-VM (S.D.N.Y. Aug. 15, 2018); Navika Capital Group, LLC v Doe, No. 14-cv-05968-DLI-CLP (E.D.N.Y. Nov. 19, 2014).

To identify the John Doe Defendants and the scope of their conduct in this matter, GEICO requests permission to serve third-party subpoenas in order to secure testimony and documents necessary to: (i) identify the individuals and/or entities who were involved in the funding of the fraudulent scheme and the documents associated with such agreements, (ii) the identity of the individuals and/or entities to whom the advances on the fraudulent claims made by the "funders" went and the documents associated with such payments, (iii) the identity of the individuals and/or entities to whom the payments made by GEICO and other New York automobile insurers were distributed and the documents associated with such payments, and (iv) communications between the individuals and/or entities relating to these categories of issues. GEICO has described the roles of the John Doe Defendants in the fraudulent scheme in its complaint but has no other avenue to identify them or their level of participation without being able to trace the various financial transactions. Of note, these are the same type of discovery requests that would be served in the context of a contested litigation and GEICO should not be denied the same rights to disclosure for purposes of proving its case and securing meaningful relief simply because the Defendants have chosen not to appear. In fact, it is not beyond belief that the John Doe Defendants have instructed Dr. Mallet and the professional entities to default as an extension of their efforts to conceal their identities and participation in the fraudulent scheme from GEICO.



Honorable Kiyo A. Matsumoto
July 29, 2022
Page 5 of 5

The Court's attention to this matter is appreciated.

                Respectfully submitted,

                RIVKIN RADLER LLP

                */s/ Michael Vanunu*
                Michael Vanunu

cc:     All counsel via ECF

5917624.v3