# SCHWARTZ, CONROY & HACK, PC

*Making Insurance Companies Keep Their Promises*

Robert E. Hewitt, Esq., Associate/ REH@schlawpc.com

December 1, 2022

Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East, 1214
South Brooklyn, New York 11201
Courtroom: 13A—South Wing

      Re: Government Employees Insurance Co. v. Errol C. Mallett, M.D. et al
      Docket No. 1:22-cv-03661 (KAM)(VMS)

Dear Magistrate Judge Scanlon:

    We represent nonparties Dimitry Khavko, owner of the google e-mail account plutusglobal1@gmail.com and Nazim Tariverdiev, owner of e-mail addresses 2266office@gmail.com and probiller2021@gmail.com. We make this letter motion to quash or otherwise revise and for a protective order pursuant to the nonparty subpoena ducum tuces served by plaintiff's counsel on Google, LLC for all user data for the above e-mail addresses and all e-mail transmission activity. (Exhibit "A"). Google, LLC has informed our clients that unless we file a formal motion by December 2, 2022, they will be producing a response to this subpoena. (See Exhibit "B").

## Meet and Confer

    I met and conferred with Michael Vanunu, Esq. of Rivkin Radler, counsel for plaintiff on December 1, 2022. However, we were unable to resolve this discovery dispute and therefore make this letter motion pursuant to Your Honor's Rules, Rule III(b). GEICO's counsel claims GOOGLE LLC will not produce the subject line of the e-mails despite the subpoena or produce whole e-mails. However, we need more than counsel's assurances to this effect. Therefore, we need the Court to intervene to protect our client's privacy and confidentiality rights, as well as their right to keep their communications with attorneys privileged.

## The Lawsuit

    GEICO's action seeks to recover money it claims the Defendants have wrongfully obtained from GEICO by submitting, and causing to be submitted, thousands of allegedly fraudulent no-fault insurance charges relating to medically unnecessary, illusory, and otherwise nonreimbursable

healthcare services, including extracorporeal shockwave therapy ("ESWT"), electromyography ("EMG") testing, electromyography testing ("EMG") and nerve conduction velocity ("NCV") studies.

**The Subpoena**

For the e-mail addresses listed above, GEICO seeks:

> 1. "All user data maintained by You [Google, LLC] "for the three e-mail addresses;
>
> 2. Copies of all email transmission activity for the email addresses list ed in Request Number 1, including (1) the date and time of the e-mail; (2) the sender e-mail address; (4) the recipient e-mail address; (4) the email subject line; and (5) the size (in computer storage units) of the email.

**The Subpoena Should be Quashed And/or Modified**

Under Rule 45 of the Federal Rules of Civil Procedure, "[o]n timely motion, the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A)(iii)-(iv). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Night Hawk Ltd. v. Briarpatch Ltd.*, 03 Civ. 1382, 2003 WL 23018833, at *8 (S.D.N.Y. 2003); see also *Salvatorie Studios, Int'l v. Mako's, Inc.*, 01 Civ. 4430, 2001 WL 913945, at *1 (S.D.N.Y. 2001). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir.1992); *Annunziato v. Collecto, Inc.*, 296 F.R.D. 12 (E.D.N.Y.2013).

Once relevance is established, the party seeking to quash a subpoena bears the burden of demonstrating that the subpoena "is over-broad, duplicative, or unduly burdensome." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP*, 2008 WL 4452134, at *4 (S.D.N.Y. 2008) see *John Wiley & Sons, Inc. v. Doe Nos. 1–30*, 284 F.R.D. 185, 189 (S.D.N.Y.2012) (burden on motion to quash is borne by the moving party) (citing *Pegoraro v. Marrero*, No. 10 Civ. 0051, 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012)); *Ford Motor Credit Co. v. Meehan*, No. CV 05–4807, 2008 WL 2746373, at *5 (E.D.N.Y. July 11, 2008) ("The burden of persuasion in a motion to quash a subpoena ... is borne by the movant.") (citing *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y.2007)). The decision to grant or deny a motion to quash is discretionary. *John*, 284 F.R.D. 185, 189 (citing *Pegoraro*, 2012 WL 1948887, at *4); see *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d Cir.2003); *Solomon v. Nassau County*, 274 F.R.D. 455, 460 (E.D.N.Y.2011) ("Motions to quash subpoenas under the Rules are 'entrusted to the sound discretion of the district court.' ") (quoting *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir.2003)); *Libaire v. Kaplan*, 760 F.Supp.2d 288, 291 (E.D.N.Y.2011) ("The decision whether to quash or modify a subpoena is committed to the sound direction of the trial court.") (citations omitted).

When exercising that that discretion the Court is entitled to broad latitude to determine the scope of discovery and to manage the discovery process. *See, e.g., EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir.2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir.2008))

While we recognize that normally a party cannot move to quash a subpoena directed to another entity, entire e-mail accounts can involve personal, confidential, and privileged matters giving my clients an interest in their own e-mail accounts that should allow them the standing to make such a motion. *Solow v. Conseco, Inc.,* 06 Civ. 5988(BSJ)(THK), 2008 WL 190340 at *3 (S.D.N.Y. Jan. 18, 2008) (Katz, M.J.) ("[C]ourts have recognized that parties with a privacy interest in subpoened documents have standing to oppose the subpoena." (citing cases)).In this case, GEICO is seeking all user date and all e-mail transmission activity in an unlimited fashion from three e-mail accounts from June 1, 2021 to the present, or a year and a half period. There is no attempt to limit the information to information or documents involving just the Defendants in this matter- ERROL C. MALLETT, M.D., ERROL C. MALLETT MEDICAL, P.C., 334 GRAND CONCOURSE MEDICAL, P.C. These e-mail accounts contain records far beyond the defendants in this case and therefore, this is overbroad. They would also contain or potentially contain e-mails protected by attorney-client privilege. There is also no attempt to limit the e-mails to certain search terms, words, or entity names, to the extent GEICO produces e-mails.

In short, it is the classic overly broad subpoena. While it is possible to interpret the subpoena to only require Google, LLC to produce the to, from, date, subject line and size, the way it is written, it is also possible that Google, LLC could interpret it to produce the entire e-mail body itself. Moreover, the subject lines alone could contain privileged information and GEICO did seek the subject line. Also, as a nonparty, who and what my clients e-mail with is none of GEICO's business except as relevant to this case alone, in which the subpoena was issued. Otherwise, they are not entitled to a fishing expedition into the TO and FROM lines of the e-mail. To the extent GEICO argues they do not know what e-mail addresses are relevant, the production of just that information would not reveal that and they should proceed with other discovery to determine that such as Interrogatories or depositions directed to Defendants.

As such, my clients respectfully request the Court quash the subpoena and have GEICO reissue a more reasonable subpoena properly limited in scope to the issues and parties that make up this action. Failing that, we would respectfully request that the Court issue an Order modifying the subpoena and limiting it to the to, from, date, subject line and size of e-mails only involving Defendants in this case. If the Court is going to modify, rather than quash the subpoena, we would ask that a conference be held in which the parties can discuss and agree to, with the Court's help, certain topics/parties. *Donoghue v.* Nostro, 2022 WL 4462867 (September 26, 2022) (quashing some subpoenas and modifying others).

We would also request that a third-party receive and review the production to eliminate anything not relevant and not responsive to the modified subpoena and give us a chance to further object to anything we believe still should be withheld, before Plaintiff's counsel obtains it.

3

      This motion should not delay this case as, upon information and belief the parties continue to discuss settlement and are getting closer, and fact discovery has recently been extended until April 28, 2023, according to the docket.

                      Very truly yours,

                      SCHWARTZ, CONROY & HACK, PC

By: *Robert E. Hewitt*
     Robert E. Hewitt

www.schlawpc.com
666 Old Country Rd., Suite 900, Garden City, New York 11530
Tel: 1.844-517-0260 | Fax: 516.745.0844

Case 1:22-cv-03661-KAM-VMS   Document 24   Filed 12/01/22   Page 4 of 4 PageID #: 156